# EXHIBIT 1

Case 6:21-cv-00109-ADA   Document 21-1   Filed 05/07/21   Page 1 of 19

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TOT POWER CONTROL, S.L.,<br><br>                Plaintiff,<br><br>vs.<br><br>T-MOBILE US, INC., AND T-MOBILE USA, INC.,<br><br>                Defendants,<br><br>ERICSSON INC.,<br><br>                Intervenor. | Case No. 6:21-cv-00109-ADA<br><br>**JURY TRIAL DEMANDED** |

**ERICSSON INC.'S ANSWER IN INTERVENTION, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO TOT POWER CONTROL, S.L.'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 24(c), Intervenor Ericsson Inc. ("Ericsson") files this Answer in Intervention, Defenses, and Counterclaims to Plaintiff TOT Power Control, S.L.'s ("TOT" or "Plaintiff") Complaint against Defendants T-Mobile US, Inc., and T-Mobile USA, Inc. ( "T-Mobile" or "Defendants") ("Complaint").

**SCOPE OF ERICSSON'S ANSWER IN INTERVENTION**

Ericsson's intervention in this case is limited to defending T-Mobile from and against claims arising out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to T-Mobile. Accordingly, any admissions or denial in this Answer is likewise limited. To the extent that TOT's claims and allegations do not arise out of or in connection with, in whole or in part, the products, software, service, or other information

Ericsson provides to T-Mobile, Ericsson lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies the same.

## GENERAL DENIAL

Except as expressly admitted below, Ericsson denies each and every allegation set forth in the Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

## NATURE OF THE ACTION

1. Ericsson admits that TOT alleges in the Complaint that T-Mobile has infringed U.S. Patent Nos. 7,496,376 (the "'376 Patent") and 7,532,865 (the "'865 Patent") (collectively the "Patents-in-Suit"), under the patent laws of the United States, Title 35 of the United States Code, but denies that Ericsson has infringed any valid claim of the Patents-in-Suit and thus denies that TOT is entitled to any relief.

## THE PARTIES

2. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies the same.

3. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore denies the same.

4. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore denies the same.

## JURISDICTION AND VENUE

5. Ericsson admits the Complaint purports to bring an action under the patent laws of the United States, Title 35 of the United States Code, but denies that Ericsson has infringed any valid claim of the Patents-in-Suit and thus denies that TOT is entitled to any relief.

6. To the extent TOT purports to bring a civil action arising under the patent laws of the United States, Ericsson does not contest subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). Ericsson specifically denies the legal sufficiency of TOT's claims and allegations, and further denies that TOT has any viable claim thereunder.

7. Paragraph 7 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson denies that T-Mobile has infringed the Patents-in-Suit through T-Mobile's use of Ericsson's equipment. For purposes of this action only, Ericsson does not challenge that it is subject to personal jurisdiction within this District. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint and therefore denies the same.

8. Ericsson denies that T-Mobile has infringed the Patents-in-Suit through T-Mobile's use of Ericsson's equipment. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Complaint and therefore denies the same.

9. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore denies the same.

10. Paragraph 10 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson denies that T-Mobile has infringed the Patents-in-Suit through T-Mobile's use of Ericsson's equipment.

Ericsson does not contest whether venue in this District is proper, pursuant to 28 U.S.C. § 1400(b), but it does contend that the Waco Division of this District is not a convenient division in which to try this case.  Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Complaint and therefore denies the same.

## **BACKGROUND**

11.     To the extent the allegations of Paragraph 11 of the Complaint purport to characterize the contents of ETSI TS 25.215, *Physical Layer – Measurements (FDD)*, *available at* https://www.etsi.org/deliver/etsi_ts/125200_125299/125215/11.00.00_60/ts_125215v110000p.pdf, that document speaks for itself.  To the extent the allegations of Paragraph 11 of the Complaint purport to characterize the contents of § 5.1.2.2.1 of ETS ITS 25.214, *Physical layer procedures (FDD)*, *available at* https://www.etsi.org/deliver/etsi_ts/125200_125299/125214/11.03.00_60/ts_125214v110300p.pdf, that document speaks for itself.  Ericsson otherwise denies the allegations of Paragraph 11 of the Complaint.

12.     To the extent the allegations of Paragraph 12 of the Complaint purport to characterize the contents of ETSI TS 25.401, § 7.2.4.8.1 at 23, UTRAN overall description; https://wwww.etsi.org/deliver/etsi_ts/125400_125499/125401/04.02.00_60/tx_125401v040200p.pdf, that document speaks for itself.  Ericsson otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 of the Complaint and therefore denies the same.

13.     Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and therefore denies the same.

## THE PATENTS-IN-SUIT
## Background

**U.S. Patent No. 7,496,376**

14. Ericsson admits that Exhibit 1 of the Complaint purports to be an accurate reproduction of the '376 Patent, entitled "Outer Loop Power Control Method and Apparatus for Wireless Communications Systems," which was issued on February 24, 2009. Ericsson denies that the '376 Patent is valid and duly issued. Ericsson otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 of the Complaint and therefore denies the same.

15. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore denies the same.

16. To the extent the allegations of Paragraph 16 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore denies the same.

17. To the extent the allegations of Paragraph 17 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Ericsson lacks knowledge information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and therefore denies the same.

18. Ericsson admits that Exhibit 2 of the Complaint appears to be an accurate reproduction of the '865 Patent, entitled "Outer Loop Power Control and Device for Wireless Communications Systems" which was issued on May 12, 2009. Ericsson denies that the '865 Patent was duly and legally issued. Ericsson otherwise lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of Paragraph 18 of the Complaint and therefore denies the same.

19. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore denies the same.

20. To the extent the allegations of Paragraph 20 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Ericsson lacks knowledge information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore denies the same.

21. To the extent the allegations of Paragraph 21 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Ericsson lacks knowledge information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore denies the same.

22. Paragraph 22 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Ericsson denies the allegations of Paragraph 22 of the Complaint.

23. Denied.

24. To the extent the allegations of Paragraph 24 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Ericsson otherwise denies the allegations of Paragraph 24 of the Complaint.

25. To the extent the allegations of Paragraph 25 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Ericsson otherwise denies the allegations of Paragraph 25 of the Complaint.

**COUNT I**
**INFRINGEMENT OF THE '376 PATENT**

26. Ericsson repeats and incorporates by reference each proceeding paragraphs as if fully set forth herein.

27. Denied.

28. Denied.

29. Ericsson specifically denies that the conduct alleged in Paragraph 29 of the Complaint infringes the Patents-in-Suit to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to T-Mobile. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 of the Complaint and therefore denies the same.

30. To the extent the allegations of Paragraph 30 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Ericsson otherwise denies the allegations of Paragraph 30 of the Complaint.

31. To the extent the allegations of Paragraph 31 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Ericsson otherwise denies the allegations of Paragraph 31 of the Complaint.

32. To the extent the allegations of Paragraph 32 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Ericsson otherwise denies the allegations of Paragraph 32 of the Complaint.

33. To the extent the allegations of Paragraph 33 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Ericsson otherwise denies the allegations of Paragraph 33 of the Complaint.

7
DM2\14106387.1

34. To the extent the allegations of Paragraph 34 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Ericsson otherwise denies the allegations of Paragraph 34 of the Complaint.

35. To the extent the allegations of Paragraph 35 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Ericsson otherwise denies the allegations of Paragraph 35 of the Complaint.

36. To the extent the allegations of Paragraph 36 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Ericsson otherwise denies the allegations of Paragraph 36 of the Complaint.

## COUNT II
## INFRINGEMENT OF THE '865 PATENT

37. Ericsson repeats and incorporates by reference each proceeding paragraphs as if fully set forth herein.

38. Denied.

39. Denied.

40. Ericsson specifically denies that the conduct alleged in Paragraph 40 of the Complaint infringes the Patents-in-Suit to the extent that the conduct arises out of or in connection with, in whole or in part, the products, software, services, or other information Ericsson provides to T-Mobile. Ericsson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 of the Complaint and therefore denies the same.

41. To the extent the allegations of Paragraph 41 of the Complaint purport to characterize the contents of a written document, that document speaks for itself. Ericsson otherwise denies the allegations of Paragraph 41 of the Complaint.

42. To the extent the allegations of Paragraph 42 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  Ericsson otherwise denies the allegations of Paragraph 42 of the Complaint.

43. To the extent the allegations of Paragraph 43 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  Ericsson otherwise denies the allegations of Paragraph 43 of the Complaint.

44. To the extent the allegations of Paragraph 44 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  Ericsson otherwise denies the allegations of Paragraph 44 of the Complaint.

45. To the extent the allegations of Paragraph 45 of the Complaint purport to characterize the contents of a written document, that document speaks for itself.  Ericsson otherwise denies the allegations of Paragraph 45 of the Complaint.

**PRAYER FOR RELIEF**

Ericsson denies that TOT is entitled to any relief in this action, as requested or otherwise.

**TOT'S DEMAND FOR JURY TRIAL**

Ericsson admits that the Complaint purports to demand a jury trial pursuant to Federal Rule of Civil Procedure 38.

**ERICSSON'S DEMAND FOR A JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Ericsson demands a trial by jury on all issues so triable.

## ERICSSON'S AFFIRAMTIVE DEFENSES

1. Subject to its responses above, and upon information and belief, Ericsson alleges and asserts the following affirmative defenses in response to the allegations of the Complaint. Regardless of how such defenses are listed herein, Ericsson undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. In addition to the defenses described below, Ericsson specifically reserves the right to allege additional defenses pursuant to any docket control order or that becomes known through the course of this action.

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity/Unenforceability)

2. One or more claims of U.S. Patent Nos. 7,496,376 (the "'376 Patent") and 7,532,865 (the "'865 Patent") (collectively the "Patents-in- Suit") are invalid or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### SECOND AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel/Disclaimer)

3. TOT's claims are barred by the doctrine of prosecution history estoppel and disclaimer based on statements, representations, and/or admissions made during the prosecution of the Patents-in-Suit.

### THIRD AFFIRMATIVE DEFENSE
### (Damages Statutorily Limited)

4. Any claim by TOT for damages and/or costs is limited by 35 U.S.C. §§ 252, 286, 287, 288, 307, and/or 318.

### FOURTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

5. TOT's claims are barred, or TOT's patents are unenforceable, due to the equitable doctrines including waiver, unclean hands, and estoppel.

**FIFTH AFFIRMATIVE DEFENSE**
**(Statutory Limitation)**

6. To the extent certain equipment accused of infringing the Patents-in-Suit are used by and/or manufactured for the United States Government, TOT's claims involving Ericsson equipment supplied to T-Mobile with respect to such equipment may not be pursued in this Court and are subject to other limitation pursuant to 28 U.S.C. § 1498.

**SIXTH AFFIRMATIVE DEFENSE**
**(Ensnarement)**

7. TOT cannot assert its claims under the doctrine of equivalents to cover the accused products because such an asserted scope of equivalency would encompass or ensnare the prior art.

**RESERVATION OF ADDITIONAL DEFENSES**

Ericsson reserves the right to amend its Answer to add additional Affirmative Defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity (including, but not limited to, instances of inequitable conduct and/or patent misuse) as they become known throughout the course of discovery in this case. Assertion of a defense is not a concession that Ericsson has the burden of proving the matter asserted.

**INTERVENOR ERICSSON'S COUNTERCLAIMS**

**THE PARTIES**

1. Intervenor Ericsson Inc. ("Ericsson") is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

2. Based on assertions by TOT Power Control, S.L.'s ("TOT"), TOT is limited liability company organized and existing under the laws of Spain with its principal place of business at C/ Gobelas 17, 1st floor, Urb. La Florida 28023 Madrid, Spain.

11

3. Based on the assertions by TOT, TOT has substantial rights and interest in United States Patent Nos. 7,496,376 (the "'376") Patent and 7,532,865 (the "'865 Patent") (collectively the "Patents-in-Suit").

4. TOT has sued Ericsson's customers, T-Mobile US, Inc., and T-Mobile USA, Inc. ("T-Mobile" or "Defendants") with respect to the Patents-in-Suit in the Western District of Texas Case No. 6:21-cv-00107-ADA (the "T-Mobile Case").

5. TOT's Complaint in the T-Mobile Case alleges infringement based, in part, upon functionality implemented by network equipment and technology supplied by Ericsson to T-Mobile.

6. In response, T-Mobile has tendered an indemnity demand to Ericsson with respect to the Patents-in-Suit.

## JURISDICTION AND VENUE

7. This is an action for a declaration that Ericsson's products and services do not infringe each and every claim of the Patents-in-Suit. Accordingly, this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

8. TOT is subject to personal jurisdiction of this Court by virtue of the Complaint for Patent Infringement ("Complaint") that TOT filed in this Court in the T-Mobile Case.

9. Under 28 U.S.C. §§ 1391 and 1400(b), venue is proper for Ericsson's counterclaims against TOT.

10. Ericsson brings the following counterclaims against TOT:

## COUNT ONE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '376 PATENT

11. Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

12. TOT has asserted that T-Mobile infringes the '376 Patent.

13. An actual, substantial, and continuing justiciable controversy exists between Ericsson and TOT with respect to infringement of the '376 Patent.

14. Ericsson has not infringed and does not infringe any valid and enforceable claim of the '376 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

15. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 between Ericsson and TOT as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '376 Patent.

16. A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '376 Patent.

## COUNT TWO
## INVALIDITY OF THE '376 PATENT

17. Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-16 as though fully set forth here.

18. Ericsson contends that the asserted claims of the '376 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements).

19. Ericsson is informed and believes, and on that basis alleges, that TOT contends that the '376 Patent is valid and enforceable.

20. Accordingly, a valid and justiciable controversy has arisen and exists between TOT and Ericsson. Ericsson desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that parties may ascertain their respective rights and duties.

21. Ericsson is entitled to a declaratory judgment that the asserted claims of the '376 Patent are invalid.

## COUNT THREE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '865 PATENT

22. Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-21 as though fully set forth here.

23. TOT has asserted that T-Mobile infringes the '865 Patent.

24. An actual, substantial, and continuing justiciable controversy exists between Ericsson and TOT with respect to infringement of the '865 Patent.

25. Ericsson has not infringed and does not infringe any valid and enforceable claim of the '865 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

26. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 between Ericsson and TOT as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '865 Patent.

27. A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '865 Patent.

## COUNT FOUR
## INVALIDITY OF THE '865 PATENT

28.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-27 as though fully set forth here.

29.     Ericsson contends that the asserted claims of the '865 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements).

30.     Ericsson is informed and believes, and on that basis alleges, that TOT contends that the '865 Patent is valid and enforceable.

31.     Accordingly, a valid and justiciable controversy has arisen and exists between TOT and Ericsson.  Ericsson desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that parties may ascertain their respective rights and duties.

32.     Ericsson is entitled to a declaratory judgment that the asserted claims of the '865 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Ericsson respectfully requests that the Court enter Judgment and Order against TOT as follows:

    a.    A declaration that Ericsson does not infringe the '376 Patent;

    b.    A declaration that Ericsson does not infringe the '865 Patent;

    c.    A declaration that the '376 and '865 patents are invalid and/or unenforceable against Ericsson;

      d.      An Order declaring that this is an exceptional case and awarding Ericsson its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

      e.      Any such other relief as the Court may deem appropriate and just under the circumstances.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Ericsson demands a trial by jury on all issues so triable.

Dated: May 7, 2021

Respectfully submitted,

By: */s/ Gilbert A. Greene*
Gilbert A. Greene (TX Bar #24045976)
Email: BGreene@duanemorris.com
**DUANE MORRIS LLP**
Las Cimas IV
900 S. Capital of Texas Highway, Suite 300
Austin, TX 78746
Telephone: (512) 277-2246
Facsimile: (512) 597-0703

John R. Gibson (GA Bar #454507)
Email: jrgibson@duanemorris.com
(*pro hac vice* to be submitted)
David C. Dotson (GA Bar # 138040)
Email: dcdoton@duanemorris.com
(*pro hac vice* to be submitted)
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
Telephone: (404) 253-6900
Facsimile: (404) 253-6901

Joseph A. Powers (PA Bar #84590)
Email: JAPowers@duanemorris.com
(*pro hac vice* to be submitted)
**DUANE MORRIS LLP**
30 South 17th Street

Philadelphia, PA 19103
Telephone: (215) 979-1000
Facsimile: (215)-979-1020

Kevin P. Anderson (DC Bar #476504 - NC Bar #29083)
Email:  KPAnderson@duanemorris.com
(*pro hac vice* to be submitted)
**DUANE MORRIS LLP**
Duane Morris LLP
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776-7800
Facsimile: (202) 776-7801

***ATTORNEYS FOR MOVANT-INTERVENOR ERICSSON INC.***

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically on May 7, 2021 pursuant to Local Civil Rule CV-5(a) and has been served on all counsel who are deemed to have consented to electronic service.

/s/ *Gilbert A. Greene*
Gilbert A. Greene
